Cadmelema-Morocho v. Garland

BIA
Brennan, IJ
A208 912 062/208 782 488

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of May, two thousand twenty-two.

PRESENT:
        MICHAEL H. PARK,
        BETH ROBINSON,
        MYRNA PÉREZ,
            *Circuit Judges.*

_____

EDWIN F. CADMELEMA-MOROCHO,
JESSICA MARIANA SUMBA-VELECELA,
        *Petitioners,*

    v.                                                          20-712
                                                                NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Michael Borja, Esq., Jackson
                         Heights, NY.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting
                         Assistant Attorney General; John

W. Blakeley, Assistant Director; Elizabeth K. Fitzgerald-Sambou, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Edwin F. Cadmelema-Morocho and Jessica Mariana Sumba-Velecela, natives and citizens of Ecuador, seek review of a February 6, 2020 decision of the BIA affirming an April 10, 2018 decision of an Immigration Judge ("IJ") denying asylum and withholding of removal. *In re Cadmelema-Morocho,* No. A 208 912 062/208 782 488 (B.I.A. Feb. 6, 2020), *aff'g* No. A 208 912 062/208 782 488 (Immig. Ct. N.Y.C. Apr. 10, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See Paloka v.*

2

*Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings for substantial evidence and questions of law and application of law to undisputed facts de novo).

To demonstrate eligibility for asylum or withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A). To constitute a particular social group, a group must be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka*, 762 F.3d at 196 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-74 (2d Cir. 2007). We find no error in the agency's conclusion that Petitioners did not establish their membership in a cognizable particular social group of witnesses to gang activity.

A group of witnesses may constitute a cognizable particular social group. *See Gashi v. Holder*, 702 F.3d 130, 137 (2d Cir. 2012). In *Gashi*, the group members witnessed

3

war crimes and cooperated with a war crimes investigation, their names appeared on a public list of potential witnesses, and the number of cooperating witnesses was "finite, and . . . quite limited." *Id*. In contrast, the Petitioners here interacted with the police only briefly: once when the police were called to the scene when Petitioner Cadmelema-Morocho was attacked, and once when they attempted to file a police report. Although they attempted to file a police report, they did not cooperate in an investigation of or testify against the criminal gang, nor did they publicly voice their opposition to the gang. On this record, petitioners have not established membership in a sufficiently particular, well-defined and socially distinct group to qualify as a cognizable "particular social group." *See Paloka*, 762 F.3d at 196 (explaining that "[a]lthough a persecutor's perception can be indicative of whether society views a group as distinct, a persecutor's perception alone is not enough to establish a cognizable social group.")

We also deny the petition as to the CAT claim. Petitioners do not acknowledge in their brief to this Court that the BIA concluded that they had waived the CAT claim,

4

and do not argue that the BIA erred in doing so.[1]  *See Norton*

[1] Petitioners checked a box for CAT relief on their application.  In her oral decision, the IJ stated she would not reach the CAT claim because she found petitioners not eligible for asylum "under the lower burden for asylum."  CAR 38.  Petitioners' brief on appeal to the BIA did not address the IJ's decision not to reach the CAT claim; instead petitioners suggested that the IJ had reached and rejected the CAT claim on its merits, and challenged that purported decision.  *See* CAR 12.  On appeal, the BIA concluded that petitioners did not pursue protection under CAT before the IJ and thus "it was appropriate for the Immigration Judge to not consider it."  CAR 4.  Because petitioners' brief to this Court does not raise these inconsistencies, we do not address them here.

However, petitioners may seek to file with the BIA a motion to reopen removal proceedings based on ineffective assistance of counsel before the IJ or the BIA with respect to their CAT claim.  We express no opinion as to the merits of a claim, or whether this case would warrant equitable tolling.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring motion to reopen be filed no later than 90 days after the final administrative decision); *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008) ("[I]neffective assistance of counsel can...afford an alien additional time beyond the limitations period for a motion to reopen and relieve a petitioner from the numerical bar.").

To qualify for equitable tolling—i.e., additional time beyond the ninety-day statutory limitation period to file a motion to reopen—an individual must first "show that [their] counsel's performance was so ineffective that it impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause," and second, they must "demonstrate that [they have] exercised due diligence in pursuing [their claim]." *Rashid*, 533 F.3d at 130-31 (cleaned up).

In addition, an individual pursuing a claim for ineffective assistance of counsel in relation to their representation in

*v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

removal proceedings must comply with certain procedures laid out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Specifically, they must file the following with the BIA: "(1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so." *Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005).